MASSACHUSETTS MEDICAL SERVICE *vs.* COMMISSIONER OF
INSURANCE
(and a companion case[1]).

Suffolk.    May 9, 1963. — July 2, 1963.

Present: WHITTEMORE, CUTTER, KIRK, SPIEGEL, & REARDON, JJ.

*Medical Service Corporation.   Administrative Matter.   Insurance,* Commissioner of Insurance.

Under G. L. c. 176B, § 4, as appearing in St. 1960, c. 307, § 1, a medical
service corporation seeking the approval of the Commissioner of Insurance of a schedule of fees to be paid by it to participating physicians
has the burden of furnishing evidence that the fees proposed are within
the range of reasonableness; the Commissioner is not obligated to conduct an investigation or to gather evidence on that issue.   [348]

Upon appeal by the Commissioner of Insurance from a final decree in a
suit in equity by a medical service corporation under G. L. c. 176B, § 12,
annulling his decision disapproving a schedule of fees to be paid by the
corporation to participating physicians and remanding to him the proceedings under § 4, as appearing in St. 1960, c. 307, § 1, where it appeared that the Commissioner in disapproving the fees had specified
particulars in which the corporation had failed to provide him with
information necessary to enable him to determine that the fees were
within the range of reasonableness, it could not be said that the disapproval was without proper basis, and the decree was reversed, the
Commissioner's decision reinstated, and the petition dismissed without
prejudice to further proceedings before the Commissioner.   [348–349]

Two PETITIONS filed in the Superior Court on July 17,
1962, to review a decision of the respondent.

The respondent appealed from decrees entered by *Lappin,* J.

*Edward T. Martin,* Assistant Attorney General, for the
respondent.

*Edmund L. Twomey* for the petitioners.

KIRK, J.    These cases were earlier considered by us and
are reported under the same title in 344 Mass. 335.    We

---

[1] The companion case is by Lewis S. Pilcher against the same respondent.
The petitioner is chairman of the Blue Shield fee committee.

are concerned now, as we were then, with a decision of the Commissioner of Insurance disapproving a filing by Blue Shield of a schedule of increased fees for surgical services. To avoid repetition, reference is made to our earlier opinion for a summary of the allegations of the petitions, a statement of the issues presented, the pertinent terms of the medical service agreements and the extent of participation therein, the interpretation and policy of the relevant statutes, the duty of the Commissioner thereunder, and the indication of standards which may appropriately be applied by the Commissioner in granting or denying approval. The rescript directed that the proceedings be remanded to the Commissioner for a decision under the indicated standards with a statement of the reasons therefor.

Following the remand, no new evidence was offered by the petitioners and no further hearing was held by the Commissioner. The Commissioner again disapproved the filing of the increased fees and in his decision cited reasons therefor. In the Superior Court the judge determined that the Commissioner's decision was not consistent with a reasonable application of the standards indicated in our opinion, and entered decrees annulling the decision and remanding the proceedings to the Commissioner. The Commissioner's appeals bring the case again to us.

The sole question is whether there has been compliance with the terms of the order of remand stated in our earlier opinion. The basic reason assigned by the Commissioner for his disapproval was that the scheduled fees were outside the range of reasonableness in two principal respects: (a) it does not appear that, in submitting the schedule, due consideration was given to the dual factors of assured prompt payments to participating physicians and the increased demand for the services of participating physicians; and (b) there was no showing as to the identity or qualifications of those who prepared the schedule,[2] no evidence as to the techniques employed by them or of the basic

---

[2] There was evidence that the fee committee included representatives of the subspecialties in surgery and medicine, and that the schedule had been considered by the Blue Shield board of directors and by the Council of the Medical Society.

data used by them in arriving at the results submitted, and inadequate evidence to afford a comparison of the proposed fee schedule with prevailing charges for similar services to nonsubscribers.

We now have examined the record and are of the opinion that it cannot be said that the Commissioner's disapproval was without basis. Implicit in our earlier opinion, wherein we said that "the statute permits disapproval only if the Commissioner finds the fees to be outside . . . [a] range [of reasonableness]," is the fundamental requirement that adequate evidence be made available to enable the Commissioner to establish a range of reasonableness. The burden of furnishing such evidence is, as the Commissioner has stated, upon the petitioners. In this connection, it is to be noted that G. L. c. 176B, § 4 (as amended through St. 1960, c. 307, § 1), imposes no investigatory duties upon the Commissioner but simply states that the rates at which participating physicians are to be compensated "shall at all times be subject to the written approval of the commissioner." The duty thus imposed stands in contrast to the obligation delegated to him under G. L. c. 175, § 113B, relative to compulsory motor vehicle liability insurance wherein it is provided that the Commissioner "shall . . . after due hearing and investigation, fix and establish" the premium charges. It is thus apparent that not only is it not the responsibility of the Commissioner under G. L. c. 176B, § 4, to fix the fees, see 344 Mass. 335, 339, but also that it is not his duty to conduct an investigation, or to gather evidence to confirm or rebut the proposed schedule in making his determination to approve or disapprove.

We think that the Commissioner acted within his statutory authority in refusing to approve the schedule because of the failure of the petitioners to provide information which, in the particulars specified, he deemed necessary to afford an adequate basis for his approval and to enable him to pass upon the dependability of the committee's conclusions. *American Employers' Ins. Co.* v. *Commissioner of Ins.* 298 Mass. 161, 168.

It follows that the decrees must be reversed. The Commissioner's order is to stand and the petitions are to be dismissed without prejudice to supplementary or new proceedings before the Commissioner.

*So ordered.*