THE TRAVELERS INDEMNITY COMPANY *vs.* COMMISSIONER
OF INSURANCE.

Suffolk. November 5, 1971. — July 13, 1972.

Present: TAURO, C.J., QUIRICO, BRAUCHER, & HENNESSEY, JJ.

*Insurance*, Rating, Commissioner of Insurance.

While the Commissioner of Insurance may disallow automobile insur-
ance rates both if "excessive, inadequate, or unfairly discrimi-
natory" and if not supported by adequate information, he must
under G. L. c. 175A, § 7 (a), specify how he finds the rate filing
deficient. [304–305]

APPEAL filed in the Supreme Judicial Court for the
county of Suffolk on January 8, 1971.

The case was reserved and reported by *Quirico, J.*

*Acheson H. Callaghan, Jr.*, for The Travelers Indem-
nity Company.

*Robert H. Quinn*, Attorney General, & *James P. Kier-
nan*, Assistant Attorney General, for the Commissioner
of Insurance, submitted a brief.

QUIRICO, J. The Travelers Indemnity Company (Trav-
elers) appeals under G. L. c. 175A, § 19 (c), and G. L.
c. 30A, § 14 (8), from a decision of the Commissioner of
Insurance (Commissioner) disapproving a rate filing
made by Travelers on December 4, 1970, increasing by
24.7% its previously filed "Private Passenger Automo-
bile Physical Damage Rates" for comprehensive insur-
ance coverage on automobiles.[1] This coverage is de-
scribed by Travelers as providing protection of automo-
biles "against losses, not caused by collision, arising from
fire, wind, theft, glass breakage and various miscellane-
ous perils." Since this coverage is "noncompulsory," the

---

[1] The filing of December 4, 1970, also proposed a 5% increase in
automobile "collision" insurance rates, but this aspect of the filing
was withdrawn on December 16, 1970.

premium rates applicable to it are established in accordance with the provisions of G. L. c. 175A, § 4, as amended through St. 1955, c. 384, § 8.

The new rates, filed by Travelers, were intended to supersede others which had been filed by the Insurance Rating Board for use by its members and subscribers which included Travelers. However, Travelers terminated its status as such a subscriber on December 21, 1970. Thus, the subject rate filing was made by Travelers on an independent basis and was intended to apply only to it.

The Chief Actuary of the Division of Insurance (Chief Actuary) made an immediate examination of the filing and advised the Commissioner that he was unable to analyze and evaluate the filing, and stated his reasons therefor. Accordingly, on December 7, 1970, the Commissioner issued a written notice to Travelers, as required by G. L. c. 175A, § 7, informing it that a hearing on the new filing would be held on December 18, 1970. This notice specified that "[t]he matters to be considered at the hearing are: (1) [t]he lack of tabulations supporting the filing, (2) the trend factors, . . . (3) the credibility and date of the most recent experience contained in the filing, [and] (4) any other relevant factors." [2]

At the hearing held on December 18 and 21, 1970, the Commissioner received oral and documentary evidence presented by Travelers and by the Chief Actuary. At that time Travelers amended its filing to change the effective date of the proposed rates from December 21 to December 24, 1970. On December 23, 1970, the Commissioner filed his written opinion disapproving the filing, stating that it "does not meet the requirements of M. G. L. c. 175A."

On January 8, 1971, Travelers brought this appeal in the Supreme Judicial Court for the county of Suffolk under G. L. c. 175A, § 19 (c), as amended through

---

[2] These were in substance the reasons given by the Chief Actuary for his inability to analyze and evaluate the filing.

St. 1954, c. 681, § 19. On April 2, 1971, the case was reserved and reported by a single justice for the determination of the full court upon the appeal, the opinion and decision of the Commissioner, the record of the public hearing before the Commissioner, and the portions of the record and exhibits specified in the single justice's certificate and order.[3]

On October 19, 1971, this court issued an interlocutory order staying the Commissioner's decision of December 23, 1970, and permitting Travelers to collect premiums from its policyholders in accordance with its rate filing pending decision on this appeal. The order was conditioned on the filing of a bond by Travelers in the amount of $1,125,000 to ensure the refund to its policyholders of any premiums in excess of the rates finally determined. Travelers filed such a bond on December 28, 1971.

The Commissioner's "Opinion and Decision" (opinion) disallowing the rate filing is relatively brief, occupying only three pages of the printed record. Approximately one-half of the opinion is devoted to introductory material and a summary of the proceedings, and the other half to the Commissioner's actual findings, rulings and conclusions. In the opinion the Commissioner reviews the evidence, notes several seeming internal inconsistencies in it, criticizes it, and questions its adequacy to support the position taken by Travelers. The opinion then concludes as follows: "for the above stated reasons, I find that the Private Passenger Automobile Physical Damage Rate Revision of . . . Travelers . . . does not meet the requirements of M. G. L. c. 175A, and the filing is not to go into effect on December 24, 1970, for new and renewal policies issued on or after the said date."

---

[3] The single justice certified that reproduction in the printed record of the entire transcript of the hearing before the Commissioner and of the exhibits introduced at that hearing would entail burdensome and unwarranted expense and would be impractical and unnecessary. Accordingly, on stipulation of the parties, he ordered that only specified documentary exhibits and portions of the transcripts be reproduced in the record and that certain other exhibits and one complete transcript be transmitted physically to the clerk of this court for consideration by the full court.

Travelers' argument on appeal is based primarily upon its assumption that under G. L. c. 175A the Commissioner may disapprove its rates "only if they are 'excessive, inadequate or unfairly discriminatory.' G. L. c. 175A, § 5 (a), paragraph 4." Accordingly, it has devoted the bulk of its brief to arguing that the proposed rates are not "excessive." [4] We do not agree that the Commissioner's power to disallow rates is thus limited. We hold that he may disallow rates if, upon request by him under G. L. c. 175A, § 6 (a), an insurer or rating organization fails to produce supporting information which is reasonably adequate to enable him to determine whether the proposed rates are "excessive, inadequate or unfairly discriminatory."

We have previously considered and discussed various provisions of G. L. c. 175A in *Insurance Rating Bd.* v. *Commissioner of Ins.* 358 Mass. 171, 173–179. In that opinion we said that under G. L. c. 175A, § 6 (a), the Commissioner may require an insurer or rating organization filing proposed rates "to furnish the information upon which it supports such filing, . . . [that] the insurer or rating board may provide such supporting information with its filing, but it is not required to do so . . . [and that] [a]lthough the commissioner may request such supporting information, . . . such a request does not itself preclude the filing from taking effect." We then added that: "We intimate no opinion on the power of the commissioner to suspend the filed rates in the event the insurer or board fails, neglects or refuses to file such supporting information when requested by the commissioner." We did not then anticipate or discuss a case like the present where the Commissioner, having requested supporting information and received it, examines it and deems it inadequate.

---

[4] Travelers' brief states in a footnote: "Travelers assumes that its rates were disapproved because they were found to be 'excessive' and not because they were found to be inadequate or discriminatory. The argument will therefore focus on that word." The basis for this assumption does not appear in the brief. The Commissioner's opinion includes no finding that the rates were excessive.

Implicit in the statutory requirement that proposed rates be not "excessive, inadequate or unfairly discriminatory" is the "fundamental requirement that adequate evidence be made available to enable the Commissioner to establish a range of reasonableness. The burden of furnishing such evidence is . . . upon the petitioners." *Massachusetts Medical Serv.* v. *Commissioner of Ins.* 346 Mass. 346, 348. The failure to do so would constitute a basis for the disallowance of a filing on the ground that it "does not meet the requirements of . . . [c. 175A]." G. L. c. 175A, § 7 (a). See *Pioneer Liquor Mart, Inc.* v. *Alcoholic Beverages Control Commn.* 350 Mass. 1, 7–8.

It is not clear from the reasons stated in the Commissioner's opinion whether he found that the filing by Travelers did not meet one of the specific criteria as to excessiveness, inadequacy or discrimination set forth in G. L. c. 175A, § 5 (a) (4), or that the supporting evidence supplied by Travelers was inadequate to enable him to determine whether the rates complied with those criteria. In either event, the opinion does not comply with the mandate of G. L. c. 175A, § 7 (a), that if he finds that the filing does not meet the requirements of c. 175A, "he shall . . . issue an order specifying in what respects he finds that such filing fails to meet the requirements of this chapter."

A decree is to be entered in the county court remanding the case to the Commissioner of Insurance for further proceedings consistent with this opinion and for the accomplishment of such modifications or additions to the Commissioner's opinion, decision and order as may be necessary to comply with the requirements of G. L. c. 175A, § 7 (a). The single justice from time to time presiding in the county court shall have full authority to take whatever action he may deem necessary to bring about the prompt disposition of this case.

*So ordered.*